Williams, Judge,
delivered the opinion of the court:
The plaintiff prior to July 1, 1932, held the rank of lieutenant in the Navy. By reason of rank and length of service he was entitled to receive, and was receiving, the pay and allowances of the third pay period, as provided in the Joint Service Pay Act of June 10, 1922 (42 Stat. 625), as amended by the act of May 31, 1924 (43 Stat. 250).
On July 1, 1932, the plaintiff, having completed fourteen years of commissioned service, was promoted to the grade of lieutenant commander and commissioned in that rank. Upon this promotion plaintiff under the statutes referred to became entitled to receive the pay and allowances of the fourth period.
Upon the same day on which plaintiff by reason of his promotion in rank became entitled to receive the pay and allowances of the fourth period, section 201 of title II of the act of June 30, 1932 (the Economy Act), 4Y Stat. 403, became operative. This section provides:
Seo. 201. All provisions of law which confer upon civilian or noncivilian officers or employees of the United States Government or the municipal government of the District of Columbia, automatic increases in compensation by *639 reason of length of service or promotion are suspended during the fiscal year ending June 30, 1933; but this section shall not be construed to deprive any person of any increment of compensation received through an automatic increase in compensation prior to July 1, 1932.
By the act of March 3, 1933, 47 Stat. 1489, 1513, section 201 was continued in force in respect to the fiscal year ending June 30, 1934.
During the fiscal years 1933 and 1934 the plaintiff continued to receive the pay and allowances of the third period. He does not claim in this action that he was entitled to receive either the base or longevity pay of the fourth period, conceding that Section 201 suspended his right to such pay notwithstanding his promotion to a grade that would otherwise have carried with it the right to the pay of that period. He contends, however, that he was entitled to rental and subsistence allowances of that period. The suit is for the difference between the rental and subsistence allowances provided for the fourth period and the rental and subsistence allowances of the third period which he has received, amounting to $801.54.
It may be conceded that the term “compensation” as used in section 201 of the Economy Act does not include rental and subsistence allowances, as the plaintiff contends. This, however, is not decisive of the question presented. Section 1 of the act of June 10, 1922, prescribes six pay periods for computing the annual pay of officers of the Navy below the grade of rear admiral and fixes the base pay of each period. Section 5 provides that in addition to his pay each commissioned officer below the grade of rear admiral while on the active list or on active duty shall be entitled to a money allowance for subsistence. Section 6 provides for a like allowance for rental of quarters where public quarters are not available. The language of the two sections is substantially the same except that one deals with subsistence allowances, the other with rental allowances. Section 5 reads:
* * * To each officer * * * receiving the base pay of the first period the amount of this allowance shall *640 be * * *, to each officer receiving the base pay of the second, third, or sixth period the amount of this allowance shall be * * *, to each officer receiving the base pay of the fourth or fifth period the amount of this allowance shall be * * *. [Italics ours.]
The allowances for each pay period are payable to officers receiving the base pay of such period.
The effect of section 201 of the Economy Act deprived plaintiff of his right to increased pay because of his promotion to a higher rank, and definitely fixed his status for pay purposes in the third pay period where he was before promotion. He remained in that pay period during the entire time of his claim. He at no time received, nor was he entitled to receive, the base pay of the fourth period. It is clear that he is not entitled to receive the rental and subsistence allowances pertaining to that period. The plaintiff cannot be in two pay periods at one and the same time. In other words he may not receive the base pay provided for one pay period and the rental and subsistence allowances of another period.
Since the plaintiff is not entitled to recover on the merits we do not deem it necessary to determine the jurisdictional question raised by the defendant.
The plaintiff not being entitled to recover, the petition is dismissed.
Whaley, Judge; Littleton, Judge; Greex, Judge; and Booth, Chief Justice, concur.